Judith PASKEL

v.

Margaret HECKLER, Secretary of Health and Human Services, and John A. Svahn, Commissioner, Social Security Administration.

Civ. A. No. 83–1201.

United States District Court, E.D. Pennsylvania.

Aug. 29, 1983.

Jonathan Stein, Philadelphia, Pa., for plaintiff.

Edward S.G. Dennis, Jr., U.S. Atty., Michael L. Martinez, Asst. U.S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This suit involves a challenge to the Secretary's interpretation of section 301 of the Social Security Disability Amendments of 1980, Pub.L. 96–265, Title III, § 301(a) & (b), 94 Stat. 449, 450 (1980) (codified at 42 U.S.C. § 425(b) and 42 U.S.C. § 1383(a)(6)). Presently before the Court is plaintiff's timely motion for reconsideration of an Order denying class action certification. The motion for reconsideration shall be granted and for the reasons set forth below, the suit shall be certified as a class action.[1]

### I. *Mootness*

The Secretary argues that the class certification should be denied because the

---

1. The facts of the case as well as the reason the original motion for class action certification was denied are set forth in *Paskel v. Heckler,* 563 F.Supp. 1095 (E.D.Pa.1983).

Court's favorable ruling on the merits of the named plaintiff's claim has rendered the controversy moot. The Secretary reasons that since the named plaintiff has obtained the desired relief she no longer has enough of an interest in the litigation to satisfy the "personal stake" requirement of the Art. III case-or-controversy doctrine. This argument must be rejected given the Supreme Court's decision in *United States Parole Commission v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). In *Geraghty* it was held that an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, since the proposed representative retains a personal stake in obtaining class certification sufficient to assure that Art. III values are not undermined. *United States Parole Commission v. Geraghty, supra,* 445 U.S. at 404, 100 S.Ct. at 1212. Thus in the present case, the expiration of Judith Paskel's claim due to the Court's previous ruling does not result in dismissal of the whole controversy as moot. *See Deposit Guaranty Nat. Bank v. Roper,* 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).

## II. *Jurisdiction*

■ Plaintiff asserts three bases of jurisdiction in her complaint: (1) 42 U.S.C. §§ 405(g) and 1383(c)(3), which permit judicial review of disability benefit determinations by the Social Security Administration; (2) 28 U.S.C. § 1361, the Mandamus Act; and (3) 28 U.S.C. §§ 2201 and 2202 relating to declaratory judgments.

In challenging the first ground the Secretary contends that the Court lacks jurisdiction over the claims of the individual class members under the Social Security Act's jurisdictional provisions, §§ 405(g) and 1383(c)(3),[2] because the exhaustion of ad-

ministrative remedies requirement of these sections has not been met as to each member of the class. The Court disagrees with the Secretary's position for the reasons stated in *Liberty Alliance of the Blind v. Califano,* 568 F.2d 333, 343–346 (3d Cir.1977). There, as here, named plaintiffs on behalf of a similarly situated class challenged the Secretary's interpretation of a provision of the Social Security Act. The district court denied class certification because it concluded that there would be no jurisdiction over the individual class members of the purported class since they had not exhausted administrative remedies. In reversing the district court the Third Circuit held that the test for exhaustion of a statutory issue claim in a class context is whether the Secretary has taken a final position on that issue. *Id.,* 568 F.2d at 346. According to *Liberty Alliance,* the Secretary's position may be gleaned from her stance in negotiations with other parties as well as in lawsuits with other plaintiffs. *Id.,* 568 F.2d at 346. In the present case, the Secretary indicated at a hearing held in open court on May 19, 1983, that her position on the disputed section 301 is firm. The test for exhaustion of the statutory issue has therefore been met. To repeat the words of the court in *Liberty Alliance,* "[n]o interest of the agency requires multiple exhaustion of the same issue by ... class members, who are obviously in strained circumstances and usually dependent upon the benefits in question." *Id.* 568 F.2d at 346.

The Secretary directs the Court's attention to *Califano v. Yamasaki,* 442 U.S. 682, 701, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979), in which the Supreme Court stated that class actions can be brought pursuant to 42 U.S.C. § 405(g) only when the exhaustion of administrative remedies requirement has been met. This decision, however, does not alter the applicability or reasoning

---

**2.** 42 U.S.C. § 405(g) provides in pertinent part: Any individual, after any final decision of the Secretary made after a hearing to which he was a party, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 1383(c)(3) provides:
The final determination of the Secretary after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Secretary's final determinations under section 405 of this title.

of *Liberty Alliance.* Since *Liberty Alliance* merely interpreted how the exhaustion requirement could be fulfilled in a particular context, its holding is not inconsistent with *Yamasaki.*[3]

## III.   *The Class Action*

The proposed class is identified as follows:

> All individuals who reside in Pennsylvania whose Social Security and SSI benefits the Social Security Administration has considered, or is presently considering, or will consider terminating while he or she was enrolled, is enrolled, or will be enrolled, in a Vocational Rehabilitation Program without making appropriate and mandated determinations to continue disability benefits under 42 U.S.C. §§ 425(b) and 1383(a)(6).

The Secretary has asserted several arguments in opposition to the plaintiff's motion to certify this class. Although the Court finds that none of these arguments bar certification it shall nonetheless modify the class definition to include only the otherwise identified individuals who the Secretary has considered or is presently considering terminating while he or she was or is enrolled in a vocational rehabilitation program. This modification ensures that the class meets the non-waivable element of jurisdiction that the claimant has presented his or her claim to the Secretary. *See Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Persons who may be enrolled in a vocational rehabilitation program in the future whose benefits may be terminated without a section 301 determination do not yet have claims that can be presented to the Secretary. Of course, the fact that these persons are not appropriate class members at present does not bar their enjoyment of the benefits of any injunctive relief arising out of the class suit.

Turning now to the technical aspects of the certification issue, Rule 23(a) prescribes four prerequisites for a suit to be maintained as a class action:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). The prerequisites of Rule 23(a) are mandatory. *Alexander v. Gino's, Inc.,* 621 F.2d 71 (3d Cir.) (per curiam), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980).

The first of these requirements is met in the present case since by stipulation of the parties there are at least 650 potential members of the class. Joinder of this number of persons would be impractical. *See Pabon v. McIntosh,* 546 F.Supp. 1328 (E.D.Pa.1982).

A common question of law exists with respect to the class since each member seeks interpretation of section 301 of the Social Security Disability Amendments of 1980. The legal stance of all members of the class is identical and the common question standard of the Rule is satisfied.

The Rule 23(a)(3) typicality prerequisite guarantees that the class representative's claim fairly encompasses the issues common to the class. To some degree the typicality requirement shadows the 23(a)(2) requirement that there be questions of law or fact common to the class. *See General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2371 n. 13, 72 L.Ed.2d 740 (1982) (commonality and typicality requirements of Rule 23(a) tend to merge). The difference is one of focus. Rule 23(a)(2) assures that there is a shared interest among the class in resolving a certain issue. Rule 23(a)(3) examines whether the named representative's particular claim

---

**3.** It appears that 28 U.S.C. § 1361 provides an alternative basis for jurisdiction. *Mattern v. Weinberger,* 519 F.2d 150 (3d Cir.1975). Nonetheless, in view of the determination that juris-diction exists under the Social Security Act, the Court will not specifically discuss this or the other jurisdictional ground cited by plaintiff.

presents that issue on behalf of the plaintiff class. The relative simplicity of the typicality requirement may be summed up as follows: a plaintiff's claim is typical if it arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory. 1 H. Newberg, *Class Actions* § 1115b (1977). In the present case, the alignment of interests between the named plaintiff's claim and the potential claim of other class members is obvious. The named plaintiff seeks to establish that the Secretary has improperly interpreted section 301 so as to deny her the right to a certain factual determination prior to the termination of her disability benefits. All of the purported class members have an interest in prevailing on obtaining this factual determination for themselves under plaintiff's theory. Thus, the claim of the class representative fits squarely within the Rule 23(a)(3) typicality requirement.

The fair and adequate representation standard of Rule 23(a) requires: (1) that plaintiff has no interest antagonistic to the class; and (2) that plaintiff's attorney is capable. *Wetzel v. Liberty Mutual & Life Insurance Co.,* 508 F.2d 239, 247 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). Here, the Court finds both that plaintiff is represented by experienced and demonstrably capable counsel, and that the interest of the named plaintiff is in no way adverse or antagonistic to the interests of those whom plaintiff seeks to represent.

The Secretary argues that since the named plaintiff's claim for benefits is moot, this Court should deny the motion for class certification for lack of an adequate class representative. However, the premise for this argument is incorrect. It is not valid to say that because the case has become moot as to Judith Paskel that she is no longer a member of the class, and as such she cannot be "part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977). Paskel was obviously a proper

representative when the action was initiated since she was a member of the class at that time. So long as she was a member when the suit was initiated, mooting of the case as to her does not affect her ability to continue as the representative. *Conover v. Montemuro,* 477 F.2d 1073, 1081–1082 (3d Cir.1973); *Gatling v. Butler,* 52 F.R.D. 389, 395 (D.Conn.1971) (Three-Judge Court), cited in *Johnson v. New York State Education Dept.,* 409 U.S. 75, 79 n. 7, 93 S.Ct. 259, 261 n. 7, 34 L.Ed.2d 290 (1972) (Marshall, J., concurring). Indeed, the Court notes that plaintiff has clearly demonstrated that she will continue to vigorously pursue this litigation despite the mootness of her individual claim.

Accordingly, the Court holds that the proposed class meets the requirements of Fed. R.Civ.P. 23(a). Moreover, because it appears that the defendant has acted or refused to act on grounds generally applicable to the class, this action is certified as a class pursuant to Fed.R.Civ.P. 23(b)(2).

An appropriate Order will be entered.

## ORDER

AND NOW, TO WIT, this 29th day of August, 1983, on motion of plaintiff, the Court has reconsidered its Order of March 30, 1983. For the reasons stated in the foregoing Memorandum, IT IS ORDERED as follows:

1. Plaintiff's motion for class action certification is *granted* under Fed.R.Civ.P. 23(b)(2);

2. Plaintiff is certified as the representative of the following class:

All individuals who reside in Pennsylvania whose Social Security and SSI benefits the Social Security Administration has considered, or is presently considering, without making appropriate and mandated determinations to continue disability benefits under 42 U.S.C. §§ 425(b) and 1383(a)(6), while the individual was enrolled or is enrolled in a Vocational Rehabilitation Program.