Minnie TROUTMAN, et al.

v.

Walter COHEN, et al.

Margaret HOLLAND, et al.

v.

Walter COHEN, et al.

Ida CHERRY, et al.

v.

Walter COHEN, et al.

Civ. A. Nos. 83–3534, 83–5983 and 84–5892.

United States District Court, E.D. Pennsylvania.

April 7, 1987.

Michael J. Campbell, Ann S. Torregrossa, Delaware County Legal Assistance, Chester, Pa., Nancy Schuster, David Gates, Bucks County Legal Aid Soc., Bristol, Pa., David A. Super, Niles Schore, Community Legal Services, Inc., Elderly Law Project, Samuel Kagle, Philadelphia, Pa., for plaintiffs.

John G. Knorr, III, Sr. Deputy Atty. Gen., Office of Atty. Gen., Andrew S. Gordon, Chief Deputy Atty. Gen., Harrisburg, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VANARTSDALEN, Senior District Judge.

Three separate class actions were filed against the same named defendants, all arising out of substantial revisions in regulations relating to skilled nursing and intermediate care facilities adopted by the Pennsylvania Department of Public Welfare under Title XIX of the Social Security Act (Medicaid), 42 U.S.C. § 1396–1396p.

The first class action complaint, *Troutman v. Cohen* (Civil Action 83–3534), which was filed on July 26, 1983, challenges the validity of the Medical Assistance Skilled Care Regulations on the ground that Pennsylvania's revised criteria for classification of skilled nursing care are impermissibly stricter than the federal criteria and are therefore not in compliance with the federal regulations. The second class action suit, *Holland v. Cohen* (Civil Action 85–5983), filed December 16, 1983, challenges the administrative hearing procedure by which patients contest adverse decisions regarding the level of nursing care they are entitled to receive under applicable state and federal regulations. The *Holland* complaint also alleges that the amount of reimbursement paid to nursing care facilities for intermediate nursing care is inadequate. The third class action suit, *Cherry v. Cohen* (Civil Action 84–5892), filed December 5, 1984, challenges the adequacy of notice provided to patients whose

care has been reclassified from skilled to intermediate nursing care.[1]

### Procedural History

A motion for class certification was filed by the plaintiffs in *Troutman* on October 13, 1983, which was granted in part by order dated November 4, 1983. The plaintiff class was certified as comprising all persons in Pennsylvania eligible to receive "medical assistance" and who are or will be receiving "skilled nursing facility services" or "intermediate care facility services" within the meaning of Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.* The order provided that the action was certified as a class action only with respect to two issues: (1) whether the regulations published at 13 Pa.Bull. 148 (Jan. 8, 1983) were invalid on their face and (2) whether the regulations were invalid because of a defect in publication.

A pretrial conference was held in my chambers on January 5, 1984, at which plaintiffs' counsel sought an agreement from the state that the new regulations would not go into effect until there was a final disposition of plaintiffs' case on the merits. Because no such agreement could be reached, a hearing was held on January 11 and 12, 1984, on the application filed by plaintiffs for a preliminary injunction. At that time, I had advised all counsel that I would hear evidence on any of the related pending actions.

Although various claims were raised by plaintiffs at different times both before and after the hearing (*e.g.*, in plaintiffs' pretrial brief, findings of fact, pretrial and post-trial motions, and post-trial brief), my opinion and order, dated March 8, 1984, only addressed those claims upon which evidence was presented at the hearing that had some bearing on whether a preliminary injunction should issue. The two substantive issues addressed in the opinion involved (1) the alleged inconsistencies between the mandated federal regulations and revised state regulations relating to skilled nursing care and (2) the contention that the state's methods of calculating reimbursable costs for skilled and intermediate care facilities were inadequate to effectuate the plan's intended purpose.

I denied plaintiffs' motion for a preliminary injunction on both issues, concluding that plaintiffs had failed to show irreparable harm and were not likely to succeed on the merits of most of their claims. *Troutman v. Cohen*, 588 F.Supp. 590 (E.D.Pa. 1984). On appeal, the Third Circuit affirmed the denial of plaintiffs' motion for a preliminary injunction in an unpublished opinion dated December 28, 1984. *Troutman v. Cohen*, 755 F.2d 924 (3d Cir.1984).

The *Troutman* plaintiffs have now filed a motion for partial summary judgment on the issue of whether the criteria for skilled nursing care under Pennsylvania's Medical Assistance program violate federal law as being inconsistent with the mandated federal regulations. Plaintiffs are seeking declaratory relief and a permanent injunction.

A motion for class certification was filed by the named plaintiffs in *Holland* on March 9, 1984, which was granted in part by order dated April 24, 1984. The plaintiff class was certified as comprising all persons in Pennsylvania eligible to receive "medical assistance" and who are or will be receiving "intermediate care facility services" within the meaning of Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.*, with respect to the issue of "whether the defendants' reimbursement scheme for intermediate care facility services violates 42 C.F.R. § 440.230." Court Order, April 24, 1984, ¶ 2.

The plaintiffs in *Holland* have now filed a renewed motion for class certification requesting that the April 24, 1984 order be amended to allow the action to be maintained as a class action with respect to the following additional issues:

1. Whether the policy and practice of the defendants of affirming decisions of

---

1. A complaint in intervention was filed in *Troutman* on November 15, 1983, which alleged the regulations were invalid due to defendants' withholding publication of the rules and regulations in violation of due process and the Pennsylvania Documents Law. The complaint also challenged, in more general terms than in *Cherry,* the notice provided to reclassified patients.

Hearing Officers which fail to make relevant findings of fact and specify the reasons and supporting evidence and federal regulations and which ignore competent evidence and legal arguments violates federal law; and

2. Whether the policy and practice of the defendants of denying specialized legal and medical training to Hearing Officers who are judging Medical Assistance cases where medical conditions are expected to be part of the fact pattern violates federal law.

Plaintiffs' Renewed Motion for Class Certification, Nov. 25, 1986, at 1–2. The defendants oppose the renewed motion for apparently the same reasons stated in their brief opposing plaintiffs' original motion for class certification.[2]

The *Holland* plaintiffs have also filed a motion for summary judgment on Counts I, II and III of their amended complaint which deal with the two issues that are the subject of plaintiffs' renewed motion for class certification.

A motion for class certification was filed by the named plaintiffs in *Cherry* which was recently granted in part by order dated February 25, 1987. The plaintiff class in *Cherry* was certified comprising all persons in Pennsylvania eligible to receive "medical assistance" who are or will be classified as receiving "skilled nursing facility services" and who have or will be reclassified or notified that they will be reclassified for "intermediate level of care services" within the meaning of Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.*

There are three pending motions: (1) *Troutman's* motion for partial summary judgment, (2) *Holland's* renewed motion for class certification, and (3) *Holland's* motion for summary judgment on Counts I, II, and III of their amended complaint.[3]

The merits of each of these motions will be addressed in turn.

### *Troutman's Motion for Partial Summary Judgment*

The plaintiffs in *Troutman* have moved for summary judgment on the issue of whether the Pennsylvania Medical Assistance regulations regarding the criteria for skilled nursing care are facially invalid as being inconsistent with the mandated federal regulations. The plaintiffs argue that the state's new criteria for skilled care are impermissibly stricter than that provided by federal law, thus resulting in reduction in the level of nursing care to thousands of low income elderly nursing home patients who might not otherwise be reclassified under the federal criteria. Specifically, plaintiffs contend that the state regulations are not in compliance with the federal regulations because the state regulations fail to incorporate as skilled services the "overall management and evaluation of care plan" and "observation and assessment of the patient's changing condition" which are included in the federal regulations. *See* 42 C.F.R. § 409.33(a)(1) and (2).

The relevant federal regulations define skilled nursing and skilled rehabilitation services as generally requiring services which are ordered by a physician; which require the skills of technical or professional personnel; and which are furnished directly by or under the supervision of such technical or professional personnel on a daily basis. 42 C.F.R. § 409.31 (1986). The federal regulations provide criteria for skilled services, 42 C.F.R. § 409.32, and include a list of examples of skilled nursing and rehabilitation services. 42 C.F.R. § 409.33. Examples of services that qualify as skilled nursing services appear at 42 C.F.R. § 409.33(b) and services which would qualify as skilled rehabilitation ser-

---

**2.** The response filed by defendants consists of a one sentence statement which merely states: "The defendants oppose this renewed motion for the reasons stated in their brief opposing the original motion and in their brief opposing summary judgment." Defendants' Brief Opposing Renewed Motion for Class Certification, Dec. 22, 1986.

**3.** Defendants have also filed a motion to strike the affidavit of Michael J. Campbell which has been submitted by the *Holland* plaintiffs as Exhibit 1 to their motion for summary judgment. The merits of this motion will be addressed in conjunction with the *Holland* summary judgment motion.

vices appear at 42 C.F.R. 409.33(c). Pennsylvania has adopted these portions of the federal regulations almost verbatim. 55 Pa.Code § 1181, Appendix E II(b). The dispute in this case focuses on the listing of examples in the federal regulations of skilled care services that could qualify as either skilled nursing or skilled rehabilitation services which appear at 42 C.F.R. § 409.33(a). These services include (1) overall management and evaluation of care plan, (2) observation and assessment of the patient's changing condition, and (3) patient education services.[4] Pennsylvania did not adopt this portion of the federal regulations and instead adopted the following provision:

A recipient may not need or receive a skilled care service specified in paragraphs (i) or (ii) of subsection (b), however, in rare instances, a particular medical condition may occur which complicates the recipient's medical state to the degree that the treatment of the recipient's medical condition must be rendered or supervised by medical professionals on a daily basis. Although any of the services required in the treatment of this condition could be performed by a properly instructed person, that person would not have the ability to understand the relationship between the services and to evaluate the ultimate effect of one service on the other. Therefore, the treatment of the medical condition requires that the services be performed by or under the immediate supervision of medical professionals. It is the necessity of the immediate involvement of medical professionals in the treatment of the recipient's special medical condition that qualifies the recipient to be determined medically eligible for skilled nursing care. In these cases, the special medical complication and the services which meet the criteria specified in section II(a) and are provided on a daily basis by medical professionals because of the recipient's

special medical complication must be documented in the recipient's medical record by physician's orders and nursing or therapy notes.

55 Pa.Code § 1181, Appendix E II(c).

Plaintiffs have maintained throughout this action that the state's failure to specifically include an overall management and evaluation of care plan and the observation and assessment of a patient's changing condition as skilled care services precludes many patients from qualifying for skilled care under the state regulations who would otherwise qualify under the federal regulations. The plaintiffs argue that as a result of this omission, the nursing homes caring for these patients are forced to place these reclassified patients in less intensive, intermediate care units because the nursing homes are reimbursed for such patients only at intermediate care rates which are less than the skilled care rates.

The defendants argue that the provision in the regulations which allows skilled care classification where "special medical circumstances" exist, 55 Pa.Code § 1181, Appendix E II(c), provides an adequate substitute for the omitted federal regulations. Plaintiffs, however, maintain that the "special medical circumstances" provision is not an adequate substitute because, among other reasons, the state provision requires daily documentation of skilled services whereas the applicable federal regulation allows an inference that skilled services are required even when not documented daily in a patient's medical record.

The federal regulation provides in pertinent part as follows:

Skilled planning and management activities are not always specifically identified in the patient's clinical record. Therefore, if the patient's overall condition would support a finding that recovery and safety can be assured only if the total care is planned, managed and evalu-

---

**4.** Plaintiffs are no longer challenging the state regulations for failing to include "patient education services" in the criteria for skilled care. The regulations were challenged on this issue in the preliminary injunction proceeding. However, at that time I determined that the defini-

tion for "rehabilitative nursing procedures" in the Pennsylvania Department of Welfare's Medical Assistance Skilled Nursing Care Assessment Form Handbook adequately encompassed this federal criterion. *Troutman*, 588 F.Supp. at 600.

ated by technical or professional personnel, it would be appropriate to infer that skilled services are being provided.

42 C.F.R. § 409.33(a). The federal regulation recognizes the possibility that some skilled management and observation services might not be reflected in daily medical records and therefore allows an exception to the requirement of daily documentation. The state regulations do not appear to allow any exception to the daily documentation requirement. *See* 55 Pa.Code § 1181, Appendix E II(a) (skilled care services criteria).[5]

On appeal from the denial of the preliminary injunction, the Third Circuit noted that "[t]he federal regulations expressly allow skilled care to be inferred in certain circumstances, and in these circumstances, daily documentation by definition would not be required 'to disclose the extent of the [nursing] services provided.'" *Troutman v. Cohen*, No. 84–1196, slip op. at 10 (3d Cir. Dec. 28, 1984) (per curiam) [755 F.2d 924 (table)]. The court therefore concluded that to the extent the state regulations failed to provide an exception to the daily documentation requirement, the state regulation on its face appeared to be an inadequate substitute for the omitted federal provisions. *Id.* at 10–11. *But see, Barnett v. Commonwealth, Department of Public Welfare*, 89 Pa.Commw. 16, 491 A.2d 320, 323–24 (1985).

■ Pennsylvania's failure to provide an exception, in certain circumstances, to the daily documentation requirement in its criteria for qualifying for skilled nursing care has resulted in the Pennsylvania regulations being impermissibly stricter than the federal regulations. Plaintiffs in fact introduced evidence at the preliminary injunction hearing which demonstrated that in practice the "special medical circumstances" provision in the state regulations did not serve as an effective substitute for the omitted federal criteria. Specifically, the testimony of two physicians revealed

that five of the named plaintiffs who had been reduced to intermediate care under the new state criteria would have qualified for skilled care under the omitted federal criteria.

■ Although states electing to participate in the federal medicaid system are afforded much discretion in the administration of the program, they must adhere to the statutory requirements of Title XIX of the Social Security Act and all applicable federal regulations. *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); *Smith v. Miller*, 665 F.2d 172, 174 (7th Cir.1981). Since the criteria for skilled care under Pennsylvania's Medical Assistance program does not provide an adequate substitute for the omitted federal criteria, the state regulations are facially invalid as not being in compliance with the mandated federal regulations.

Despite the existing inconsistencies between the federal and state regulations, one of defendants' primary defenses continues to be that Pennsylvania's revised regulations comply with federal requirements because they were sent to and approved by the Health Care Financing Administration (HCFA) of the Department of Health and Human Services, which is the agency in charge of implementing the Medicaid program. Defendants argue that HCFA's approval of the state plan indicates that the plan is in compliance with applicable federal statutory and regulatory requirements and that such approval is entitled to substantial deference.

■ Defendants are correct that courts generally show great deference to the interpretation of applicable statutes and regulations given by the agency charged with the administration of a particular program. *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); *United States v. Westinghouse Electric Corp.*, 638 F.2d 570 (3d Cir.1980); *Budd v. Occupa-*

---

**5.** Section II(a) provides that one of the requirements for skilled care services is that the service must: "(vi) be documented in the recipient's medical record daily." The "special medical circumstances" provision does not include any

express exception to this requirement and the defendants have contended that indeed all skilled care services must be documented daily in the patient's medical records.

*tional Safety & Health Review Commission,* 513 F.2d 201, 204 (3d Cir.1975). However, such deference is not absolute and is given only when the interpretation by the agency is reasonable and consistent with the agency's own regulations. *Miller v. Bond,* 641 F.2d 997, 1002 (D.C.Cir.1981); *Lukens Steel Co. v. Klutznick,* 629 F.2d 881, 886 (3d Cir.1980); *See also White v. Beal,* 555 F.2d 1146, 1152 n. 6 (3d Cir.1977).

■ HCFA's approval of Pennsylvania's overall plan, although facially reasonable, is in fact not consistent with its own federal regulations with respect to the criteria for skilled nursing care. Therefore, HCFA's approval of the state plan will be considered by the court but will not be afforded the usual degree of deference.

■ In denying plaintiffs' preliminary injunction motion, I compared the disputed state regulations with the omitted federal provisions and noted that both the state regulations and the two federal regulations are concerned with special circumstances which require treatment by professionals, thereby necessitating skilled rather than intermediate nursing care. *Troutman,* 588 F.Supp. at 600. However, the federal regulations specify particular situations where that might occur, namely, an overall management of care plan and the observation and assessment of a patient's changing condition whereas the state regulations do not at least expressly so provide. *Id.* I noted that "the state may ultimately be required to include the specific references" in their regulations and that the "state's apparently substantial compliance [with the federal regulations] may finally be determined to be inadequate ..." *Id.* However, I concluded that since the state regulations did include a general provision which allowed skilled nursing care for special circumstances similar to the examples provided in the federal regulations, a preliminary injunction would not be issued.

My decision was based on the finding that the four criteria necessary for the issuance of a preliminary injunction had not been met.[6] Since the factors that had militated against preliminary injunctive relief no longer exist in that plaintiffs are now seeking permanent injunctive relief on the merits of this issue, I now conclude that the state's "special medical circumstances" regulation (55 Pa.Code § 1181, Appendix E II(c)), is an inadequate substitute for the omitted federal regulations. Pennsylvania must therefore incorporate in its Medical Assistance regulations the two omitted federal criteria, namely, an "overall management and evaluation of care plan" and "observation and assessment of the patient's changing condition" as methods by which a patient may qualify for skilled nursing care services, and may not so limit this as to require daily documentation.

Plaintiffs' motion for partial summary judgment will be granted.

### Holland's Renewed Motion for Class Certification

The plaintiff class in *Holland* was certified by Order dated April 24, 1984, and comprised all persons in Pennsylvania eligible to receive "medical assistance" and who are or will be receiving "intermediate care facility services" within the meaning of Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.,* and only with respect to the issue of "whether the defendants' reimbursement scheme for intermediate care facility services violates 42 C.F.R. § 440.230." Court Order, Apr. 24, 1984, ¶ 2.

The plaintiffs now seek to amend the April 24, 1984 Order to allow the action to be maintained as a class action with respect to the following additional issues:

1. Whether the policy and practice of the defendants of affirming decisions of Hearing Officers which fail to make relevant findings of fact and specify the

---

**6.** The criteria necessary for a preliminary injunction include:

(1) the probability of irreparable injury to the moving party in the absence of relief; (2) the possibility of harm to the non-moving party if

relief is granted; (3) the likelihood of success on the merits; and (4) the public interest. *United States v. Price,* 688 F.2d 204, 211 (3d Cir.1982).

reasons and supporting evidence and federal regulations and which ignore competent evidence and legal arguments violates federal law; and

2. Whether the policy and practice of the defendants of denying specialized legal and medical training to Hearing Officers who are judging Medical Assistance cases where medical conditions are expected to be part of the fact pattern violates federal law.

The defendants oppose the renewed motion.[7]

In its original motion for class certification, plaintiffs requested a certified class comprising all patients who are or will be receiving long term skilled or intermediate nursing care with the following two subclasses:

Subclass A: All persons residing in nursing homes or hospital long term care units in Pennsylvania who since January 8, 1983, have appealed or will appeal a reduction in their level-of-care designation in the Medical Assistance Pennsylvania Inspection of Care Team and

Subclass B: All persons who are or will be receiving long term care Medical Assistance benefits at the Intermediate level-of-care from the Pennsylvania Department of Public Welfare.

Memorandum in Support of Plaintiffs' Motion for Class Certification, March 9, 1984, at 1.

The plaintiffs had argued that the proposed class met each of the threshold requirements of Rule 23(a) of the Federal Rules of Civil Procedure; namely, numerosity, commonality, typicality and adequacy of representation and that the additional requirements of Rule 23(b)(2) had also been met.

Defendants argued that the proposed class, as defined, was too broad in that many members of the class were not included in either of the proposed subclasses; that the class as a whole lacked any common question of law or fact and that the

claims of the named plaintiffs were not typical of the entire proposed class. *See* Defendants' Memorandum in Response to Plaintiffs' Motion for Class Certification, March 26, 1984 at 2. Defendants conceded, however, that either or both of the proposed subclasses might be certifiable in their own right under Federal Rule of Civil Procedure 23(c)(4)(B)[8] and that they, in fact, did not object to certification of plaintiffs' proposed "Subclass B." *Id.* at 3. Defendants did object to certification of "Subclass A" and the claims associated with it for the reason that the named plaintiffs failed to establish that their claims were typical of the claims of the proposed subclass and that defendants acted on grounds generally applicable to that subclass. *Id.* at 4. Specifically, defendants stated that "[p]laintiff's [sic] claims, by their nature, depend' upon detailed analyses of the evidentiary record and the written decision on each appeal." *Id.* The original plaintiff class was certified only with respect to the claims represented by "Subclass B," on the issue of the validity of the reimbursement scheme for intermediate care patients.

 It is unfortunate that defendants felt it unnecessary to articulate those arguments they deemed to be appropriately responsive to plaintiffs' renewed motion for class certification since the proposed additional issues in the renewed motion, although addressing claims similar to those raised in plaintiffs' original motion for class certification, are narrower and considerably more focused. For the reasons that follow, plaintiffs' renewed motion for class certification will be granted with respect to the validity of the administrative hearing process afforded patients whose level of care has been reduced from skilled care to intermediate care. The class will be certified pursuant to Federal Rule of Civil Procedure 23(b)(2).

In order for a suit to be maintained as a class action under Rule 23, the named

---

7. *See* footnote 2, *supra.*

8. Rule 23(c)(4)(B) states that "[w]hen appropriate . . . (B) a class may be divided into subclass-

es and each subclass treated as a class, and the provisions of this rule shall then be construed and applied accordingly."

plaintiffs must establish each of the four threshold requirements of Rule 23(a) and at least one of the requisites of Rule 23(b). *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). Failure to establish any one of the Rule 23(a) requirements is fatal to a motion for class action certification. *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *Katz v. Carte Blanche Corporation,* 496 F.2d 747 (3d Cir.) (en banc), *cert. denied,* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974).

Rule 23(a) provides the following:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Plaintiffs state that they have met the requirements of Rule 23(a) and that the action may be maintained with respect to the proposed additional issues under the requirements of Rule 23(b)(2).

Rule 23(b)(2) requires a finding that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

Defendants' objection, although not expressly stated,[9] appears to be focused on the commonality, typicality and adequacy of representation requirements of Rule 23(a) and whether "the defendants have acted on grounds generally applicable to the class" under the requirements of Rule 23(b)(2). *See* Defendants' Memorandum in Response to Plaintiffs' Motion for Class Certification, Mar. 26, 1984, at 4.

The crux of defendants' objection appears to be that the claims asserted by the proposed class would require the court to conduct a detailed analysis of the evidentiary record and written decision in each of the more than 1,973 filed appeals and that the scope for variations on crucial disputed factual matters would be extensive, if not infinite. *Id.*

Defendants are correct in their assertion that the commonality and typicality requirements of Rule 23(a) tend to merge and that those requirements also tend to merge with the adequacy of representation requirement.[10] *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2370 n. 13, 72 L.Ed.2d 740 (1982); *In re Asbestos School Litigation,* 104 F.R.D. 422, 430 (E.D.Pa.1984). The arguments presented by counsel regarding these factors will be addressed as a single issue.

The commonality and typicality requirements generally serve as guideposts for determining whether under the particular circumstances, maintenance of a class action is appropriate and economical and whether the named plaintiffs' claim and the class claim are so interrelated or co-extensive that the interests of the class members will be fairly and adequately protected in their absence. *Id.; see Paskel v. Heckler,* 99 F.R.D. 80, 83–89 (E.D.Pa.1983). These factors are met when a common question of law or fact exists with respect to each

---

9. Defendants stated only that the burden was on plaintiffs to establish that their claims were typical of the class and that defendants had acted on grounds generally applicable to the class. They then noted in an explanatory footnote that these requirements tended to merge, and to merge with the commonality and adequacy of representation requirements of Rule 23(a)(2) and (4).

10. The "adequacy of representation" requirement depends on two factors: "a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation and b) the plaintiff must not have interests antagonistic to those of the class." *Wetzel,* 508 F.2d at 247. Defendants appear to be challenging only the second of these two factors and thus the competency of class counsel requirement will not be addressed, beyond noting that in originally certifying the class, a determination was made as to the competency of counsel.

class member and the claims of the named plaintiffs arise from the same event or course of conduct that gives rise to the claims of other class members. *Id.* at 84. (citing 1 H. Newberg, *Class Actions* § 115b (1977)). Claims are considered typical when "the 'essence' of the allegations concerning liability, and not the particularities, suggest adequate representation of the interests of the proposed class members." *Peil v. Speiser,* 97 F.R.D. 657, 659 (E.D.Pa.1983) (quoting *Peil v. National Semiconductor Corp.,* 86 F.R.D. 357, 371 (E.D.Pa.1980)). The harm suffered by the named plaintiffs may differ in degree from that suffered by other class members provided the harm is of the same type. *In re Asbestos,* 104 F.R.D. at 430 (citing *McQuilken v. A & R Development Corp.,* 576 F.Supp. 1023, 1029 (E.D.Pa.1983)).

The claims of the named plaintiffs in this action clearly meet these standards. The question of law common to all members of the proposed subclass with respect to the additional issues is that all class members are alleged to have been deprived of a fair administrative hearing due to defendants' decision making procedures. All members of the proposed subclass have participated in the administrative hearing process and there is no adversity of interests between the named plaintiffs and the other members of the class because it is not the unique facts of the individual appeals which give rise to this action but rather the decision making process. Plaintiffs are not seeking to have this court review the records of each hearing to determine the adequacy of the evidence supporting each decision. Instead, they are asking this court to examine the actual hearing process and the alleged policies of the defendants in conducting the administrative appeals and rendering decisions to determine whether plaintiffs' procedural due process rights have been violated. Plaintiffs maintain that these policies and practices apply equally to all nursing home residents who have appealed or will appeal reductions in their level of nursing care designations. Therefore, the interests of the entire plaintiff subclass with respect to the proposed additional issues are identical.

Having determined that the additional issues meet the requirements of Rule 23(a), I further determine that the issues meet the additional requirements of Rule 23(b)(2). That rule requires a finding that defendants acted or refused to act on grounds generally applicable to the entire class. Since plaintiffs have alleged that defendants' policies regarding the decision-making procedure followed in the administrative hearing process are uniformly executed, such policies and practices are generally applicable to the proposed subclass as a whole, and therefore the requirements of Rule 23(b)(2) have been met.

Plaintiffs' renewed motion for class certification will be granted and the action may be maintained as a class action with respect to the proposed additional issues as to a subclass composed of those intermediate care patients whose level of care has been reduced from skilled care and they have administratively appealed.

### Holland's Motion for Summary Judgment

Plaintiffs have moved for summary judgment on Counts I, II and III of their amended complaint alleging that it is the policy and practice of hearing officers to uniformly not specify the reasons for their decisions; not identify evidence in support of their decisions; omit facts and legal arguments which were raised by plaintiffs; not resolve disputed issues of fact and not make findings of fact necessary for appellate court review. They further complain that the "hearing officers lack impartiality and competence, thus depriving plaintiffs of a meaningful opportunity to be heard." Brief in Support of Plaintiffs' Motion for Summary Judgment at 3.

Defendants strenuously object to the merits of plaintiffs' allegations characterizing their arguments as "an unwholesome stew of unsupported assertions, omissions that are so severe as to amount to positive misrepresentations, and vicious attacks on the character of dedicated public officials." Defendants' Brief in Opposition to Plaintiffs' Motion for Summary Judgment at 28.

Summary judgment can be granted only if there is no genuine issue of material fact. Fed.R.Civ.P. 56(c); *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir. 1987); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976). As to materiality, only disputes over facts that might affect the outcome of the suit will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, — U.S. ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Hancock Industries v. Schaeffer*, 811 F.2d 225, 231 (3d Cir.1987). A dispute over a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 106 S.Ct. at 2510). Thus, at the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 106 S.Ct. at 2511; *Equimark*, at 144.

■ This matter is not appropriate for summary judgment. All of the allegations raised by plaintiffs' in their summary judgment motion involve genuine issues of material fact, all of which are in dispute. The allegations are material to the outcome of the litigation and the disputed evidence is such that a fact finder could return a verdict for either party. I find that plaintiffs' have not met their burden of proving that no genuine issue of material fact exists and they are therefore not entitled to summary judgment on Counts I, II and III of their amended complaint.[11]

## ORDER

Upon consideration of plaintiffs' motion for partial summary judgment in *Troutman v. Cohen*, C.A. 83–3534, and defendants' answer thereto, for the reasons stated in the accompanying memorandum opinion, it is

Ordered that:

1. plaintiffs' motion for partial summary judgment is granted; it is further Ordered and Declared that:

2. the Pennsylvania Medical Assistance Skilled Care Regulations are facially invalid to the extent they fail to include expressly an "overall management and evaluation of care plan" and "observation and assessment of the patient's changing condition" as set forth in 42 C.F.R. § 409.33(a)(1) and (2) as examples of skilled nursing services and, additionally, to the extent that the Pennsylvania Regulations fail to provide any exception to the daily documentation requirement as to skilled care services, as is provided by federal regulation 42 C.F.R. § 409.33(a)(1); it is further Ordered that:

3. the defendants in all future determinations as to whether a plaintiff-patient should be classified for the level of skilled nursing care or intermediate nursing care shall, *inter alia*, apply standards consistent with 42 C.F.R. § 409.33(a)(1) and (2); it is further Ordered that:

4. the defendants are enjoined from applying the facially invalid state regulations to the extent the state regulations are inconsistent with the federal regulations as set forth in numbered paragraph 2 of this order, in making any determination as to whether a plaintiff-patient should be classified for the level of skilled nursing care or intermediate nursing care; it is further Ordered that:

5. the defendants shall afford each class plaintiff-patient whose level of care was reclassified from skilled nursing care to intermediate nursing care subsequent to January 8, 1983, and who unsuccessfully appealed such reclassification, the opportunity, by individualized notice, to a de novo reclassification hearing wherein standards are to be applied that are consistent with the federal regulations.

Upon consideration of plaintiffs' renewed motion for class certification in *Holland v. Cohen*, C.A. 83–5983, and defendants' answer thereto, for the reasons stated in the accompanying memorandum opinion, it is

11. Inasmuch as plaintiffs' motion for summary judgment is denied, I need not address the merits of defendants' motion to strike the affidavit of Michael J. Campbell, Esquire, which was submitted as Exhibit I to plaintiffs' summary judgment motion.

Ordered that the order of April 24, 1984 is amended whereby a subclass is certified as follows:

All persons in Pennsylvania who

(a) have been, or will be, determined to be financially eligible to receive "medical assistance" within the meaning of Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.* (including future amendments thereto); and

(b) are, or will be, receiving "intermediate care facility services" within the meaning of Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.* (including future amendments thereto); and

(c) have been reclassified from the level of skilled nursing care to intermediate nursing care and appealed said reclassification and a hearing was held before a hearing officer;

which subclass may maintain this action with respect to the issue of whether the hearings held before the hearing officers were "fair hearings" in compliance with federal constitutional, statutory and regulatory law; the said class and subclass so certified to be pursuant to Federal Rule of Civil Procedure 23(b)(2).

Upon consideration of plaintiffs' motion for summary judgment in Counts I, II and III of the amended complaint filed in *Holland v. Cohen,* C.A. 83–5983, and defendants' answer thereto, it is Ordered that plaintiffs' motion is denied.

It is further Ordered that a pretrial conference is scheduled in *Troutman v. Cohen,* C.A. 83–3534; *Holland v. Cohen,* C.A. 83–5983; and *Cherry v. Cohen,* C.A. 84–5892, for Monday, May 4, 1987, at 9:00 A.M. Prior thereto, all counsel shall meet and attempt to agree upon methods and procedures for best carrying out this order, including, *inter alia,* identification and notice to class members affected by this order, time limitations for carrying out this order, and possible amendment of state regulations to comply with federal law. At the pretrial conference, the necessity for further implementing orders, remaining issues to be determined, discovery schedul-

ing and all matters concerning the future course of this litigation will be considered.