Bruce **KROMNICK, Administrator of the Estate of Ilene Kromnick, Deceased, and Donna L. Motter, Administratrix of the Estate of Cynthia L. Motter, Deceased, Individually, and on behalf of all those similarly situated**

v.

**STATE FARM INSURANCE COMPANY.**

**Civ. A. No. 85–5824.**

United States District Court, E.D. Pennsylvania.

Sept. 9, 1986.

Morris M. Shuster, David J. Ackerman, Diamond, Polsky & Bauer, Philadelphia, Pa., for plaintiffs.

James J. McCabe, John J. McGrath, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VANARTSDALEN, Senior District Judge.

This action arises out of the protracted attempts of the administrators of the estate of decedents killed in motor vehicle accidents to obtain post-mortem work loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. §§ 1009.101–1009.701 (repealed 1984) (Pennsylvania No-Fault Act), from State Farm Insurance Company (State Farm). Plaintiffs, Bruce Kromnick and Donna L. Motter, filed this action on behalf of themselves, as administrators of the estates of decedents, and on behalf of a similarly

situated class. They now move to have me certify the proposed class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3). The class they seek to have certified is defined as:

The administrators or executors of the estates of all decedents whose deaths arose out of the use or maintenance of a motor vehicle:

(a) where such decedent was insured under a policy of insurance by defendant, or whose claim was assigned to defendant under the assigned claims plan, pursuant to the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101 *et seq.* (repealed 1984) (No-Fault Act), and

(b) where the death occurred on or after July 19, 1975 (the effective date of the No-Fault Act) and on or before September 30, 1984 (the effective repeal date of the No-Fault Act), or after September 30, 1984, where the insurance policy covering decedent was issued before September 30, 1984, and

(c) where defendant has neither paid post-mortem work loss benefits in full amount of available policy limits, together with 18% per annum interest accruing from thirty (30) days after defendant's receipt of notice of the insured's death, or entered into a court-approved settlement of a post-mortem work loss benefits claim, and

(d) where the claim is not included in the class certified in *Neyhard v. State Farm*, March Term 1981, No. 608 (C.P. Phila. July 26, 1985).

For the reasons set forth below, I will certify the class pursuant to Rule 23(a) and 23(b)(3).

In order to be certified as a class, plaintiffs must meet the requirements of Rule 23(a) and 23(b)(3). Rule 23(a) requires that:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law on fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will

fairly and adequately protect the interests of the class.

Rule 23(b)(3) requires a finding that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." State Farm challenged the proposed class' ability to satisfy any of the above requirements. Although the burden is on plaintiffs to establish that the action qualifies for class action treatment, I find that plaintiffs have met their burden in this case. *See Davis v. Romney,* 490 F.2d 1360, 1366 (3d Cir.1974).

Pursuant to Rule 23(a)(1), plaintiffs are required to show that "the class is so numerous that joinder of all members is impracticable." Generally, the numerosity requirement is satisfied where the class exceeds 100 members. *Fox v. Prudent Resources Trust,* 69 F.R.D. 74, 78 (E.D.Pa. 1975). Plaintiffs assert that the proposed class contains over 800 members. Clearly it would be impracticable to require joinder of this many parties. State Farm has challenged plaintiffs assertions as to the size of the proposed class. It is clear, however, from Judge Marutani's opinion certifying a limited class in *Neyhard v. State Farm Insurance Co.,* March Term 1981, No. 608 (C.P.Phila. July 26, 1985), that over 800 people were excluded from the class in that case and that plaintiffs now seek to certify those people excluded from the *Neyhard* class action in this case. *See also* Affidavit of William Marvin, Esq. (class would contain 840 members excluded from the *Neyhard* action). Thus, I find that the numerosity requirement of Rule 23(a)(1) has been satisfied.

The second requirement of Rule 23(a) is that there are "questions of law or fact common to the class." This commonality requirement is less demanding than that of Rule 23(b)(3) which requires that the common questions "predominate." Since I will address the Rule 23(b)(3) requirement below, I note here only that all

the proposed class members are challenging the same conduct by State Farm; namely, its failure to pay post-mortem work loss benefits. *See Muth v. Dechert, Price & Rhoads,* 70 F.R.D. 602, 607 (E.D. Pa.1976) (common course of conduct yields common questions).

■ The commonality requirement of Rule 23(a)(2) and the typicality requirement of Rule 23(a)(3) tend to be similar, focusing on the common interests of the class and similarity of the named plaintiffs' interests with those of the proposed class members. *Paskel v. Heckler,* 99 F.R.D. 80, 83–84 (E.D.Pa.1983). "A plaintiff's claim is typical if it arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *Id.* at 84 (citing 1 H. Newberg, *Class Actions* § 1115b (1972)). The claims of Kromnick and Motter clearly meet this standard. They, like all the proposed class members, were denied post-mortem work loss benefits, on behalf of the decedents' estates they represent, by State Farm. All the claims of the proposed class members are based on the Pennsylvania No-Fault Act. Thus, the interests of the named plaintiffs and those of the proposed class coincide and the claims of the named plaintiffs are "typical" within the meaning of Rule 23(a)(3).

■ The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." "Adequate representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 247 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). State Farm has challenged both the adequacy of the representative plaintiffs and class counsel. I note the rather anomalous circumstance of State Farm challenging the adequacy of the named plaintiffs' representation when that requirement is intended to benefit the ab-

sent class members, not the defendant. *Fox v. Prudent Resources Trust,* 69 F.R.D. 74, 79 (E.D.Pa.1975).

Each of the named plaintiffs, Kromnick and Motter, have submitted an affidavit detailing their commitment in this lawsuit and attesting to their ability to see it through to completion. I see no reason to question the sincerity of these affidavits. More importantly, as I discussed in reviewing the typicality of the named plaintiffs' claims, there is no antagonism between the interests of the named plaintiffs and those of the class. All the parties seek the payment of overdue post-mortem work loss benefits.

State Farm filed an earlier motion for summary judgment on claims of the named plaintiffs based on the statute of limitations. However, since I have ruled against State Farm on its motion, finding that the filing of the *Neyhard* class action tolled the statute of limitations as to the proposed members of that class, I need not address State Farm's argument that Kromnick and Motter have no valid claims and thus cannot represent the class. *See Kromnick v. State Farm Insurance Co.,* No. 85–5824 (E.D.Pa. June 19, 1986) [Available on WESTLAW, DCTU database] (denying State Farm's motion for summary judgment).

State Farm also makes certain vague challenges to the adequacy of class counsel to handle this class action. Although class counsel have not submitted an affidavit outlining their litigation experience, it is clear that they have been involved in many class actions seeking no-fault benefits, including some against State Farm. Morris M. Shuster, Esquire, is class counsel in *Neyhard.* Richard C. Angino, Esquire, was counsel for plaintiffs in *Nye v. Erie Insurance Exchange,* No. 5349 S 1979 (C.P. Dauphin); *Wilson v. State Farm Mutual Automobile Insurance Co.,* No. 5116 S 1978 (C.P. Dauphin); *Applebaum v. State Farm Mutual Automobile Insurance Co.,* 626 F.Supp. 1299 (M.D.Pa.1986). Mr. Angino also was counsel for plaintiffs *Freeze v. Donegal Mutual Insurance Co.,*

504 Pa. 218, 470 A.2d 958 (1983), in which the Pennsylvania Supreme Court held that post-mortem work loss benefits are payable to the decedent's estate. I, therefore, find that plaintiffs' counsel are sufficiently experienced with litigation of this sort to adequately represent the class in this case.

Having determined that the proposed class has met the requirements of Rule 23(a), I must now determine whether it meets the additional requirements of Rule 23(b)(3). Rule 23(b)(3) requires that

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

█ The first of the additional 23(b)(3) requirements is whether the common questions of law and fact predominate over the individual questions. "A common question is one which arises from a 'common nucleus of operative facts' regardless of whether 'the underlying facts fluctuate over the class period and vary as to individual claimants.'" *In re Asbestos School Litigation*, 104 F.R.D. 422, 429 (E.D.Pa.1984), *aff'd in relevant part*, 789 F.2d 996 (3d Cir.1986) (citations omitted). The predominant legal question in this action is whether the proposed class members are entitled to post-mortem work loss benefits under the Pennsylvania No-Fault Act. Clearly this question is common to the entire class. State Farm, however, argues that since the liability issue has been resolved against it by the Pennsylvania Supreme Court in *Freeze*,

this issue cannot be weighed in the analysis under Rule 23(b)(3). State Farm claims that the only remaining questions in this case are the individual factual issues surrounding each class members' claim for benefits. This same argument was recently rejected by the Pennsylvania Superior Court in *Cambanis v. Nationwide Insurance Co.*, 348 Pa.Super. 41, 501 A.2d 635 (1985). Although *Cambanis* was a class action decided under the Pennsylvania Rules of Civil Procedure, the Pennsylvania Rules were patterned after the Federal Rules of Civil Procedure and Pennsylvania Rule of Civil Procedure 1708(a)(1) contains a "predominance" requirement that was taken directly from Federal Rule of Civil Procedure 23(b)(3). *See* Pa.R.Civ.P. 1708, explanatory note.

*Cambanis* was a class action seeking post-mortem work loss benefits on behalf of the estates of decedents who had previously been receiving Social Security benefits. At the time the Superior Court ruled in *Cambanis*, it was already settled law that decedents who had previously been on Social Security were entitled to post-mortem work loss benefits under the Pennsylvania No-Fault Act. *Cambanis*, 501 A.2d at 639. Nevertheless, the Superior Court in *Cambanis* reversed the trial court's denial of class certification, specifically finding that the issue of liability was common to the class. *Id.* The court further found that the common issue of the propriety of the defendant denying the proposed class members' no-fault benefit claims was the predominate issue in the case. *Id.* Thus, I reject State Farm's argument that the individual factual issues surrounding each proposed class member's claim predominate over the common question of State Farm's liability to the class.

At most, State Farm's argument about the individual factual issues goes to the efficiency of trying this case as a class action. State Farm asserts that the action will become nothing more than an aggregation of individual trials on the proposed class members' no-fault claims. State Farm claims that individual factual issues

will have to be resolved regarding liability, damages, and affirmative defenses for each claimant. The only real liability issue appears to be whether a given class member can prove that the decedent he represents would have earned some additional income had he not been killed. *See Fox v. State Farm Mutual Auto Insurance Co.,* 322 Pa.Super. 96, 469 A.2d 199, 201–02 (1983). This issue, however, is really the damage issue of how much post-mortem work loss benefits the claimant is entitled to receive. It is settled law that individual proof of damages does not preclude certification of a class under Rule 23(b)(3) where common issues of liability predominate. *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434, 456 (3d Cir.1977), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978). Furthermore, I note that the proof of damages (decedent's lost income), should not be a very complex matter in most cases since the Pennsylvania No-Fault Act places a limit of $15,000 on work loss benefits. 40 P.S. § 1009.202(b)(2). Thus, I find that certification of this class is proper even though individual proof of damages may be required since the common issue of State Farm's liability predominates.

State Farm also argues that its affirmative defense of the statute of limitations will have to be litigated for each proposed class member. Although State Farm is entitled to raise the statute of limitations as a defense to each claim, resolution of the applicability of the defense can easily be resolved on a class-wide basis. I have already ruled that the *Neyhard* action tolled the running of the statute of limitations for the proposed members of that class from the time the action was filed until the time that a limited class was certified. Given the tolling effect of the *Neyhard* class action and the tolling effect, if any, of other actions filed as class actions, there will be a common issue of law and fact as to when, for purposes of the statute of limitations, the time begins to run and when it ends. Determining on an individual basis the claimants that are within the permissible time limits should be a rather uncomplicated calculation. I, therefore, conclude that questions of law and fact common to members of the proposed class predominate over any questions affecting only individual members.

A class action composed of all persons throughout the state, excluding only those certified in the *Neyhard* class action is superior to other available methods for a fair and efficient adjudication of the controversy. Restricting the class to members located in a particular geographical area, as was done in *Neyhard,* may be one answer to concerns expressed in *Neyhard,* but if all potential class members must litigate the issues in some forum, as State Farm not too subtly suggests, clearly the superior method would be by a single state-wide class action.

State Farm argues that it is now willing to pay claimants who establish entitlement to benefits, thereby making a class action unnecessary. On the other hand, State Farm contends that individual issues predominate over class-wide issues, thereby asserting the possibility of contesting liability as to every claimant. In addition, it is not at all clear that all potential claimants are aware of their right to obtain post-mortem work loss benefits under the no-fault statute, or that State Farm has or intends to take any reasonable steps to notify potential claimants. If a Rule 23(b)(3) class is certified, each class member that can be identified will at least receive notice of the possibility of obtaining such benefits, and may, of course, either remain in the class or "opt-out" of the class and pursue the claim on an individual basis.

As to individual issues, an efficient method can be adopted for adjudicating claims that are in good faith contested. State Farm has consistently resisted all attempts to have all issues resolved in a single forum. If, in fact, all claims are to be contested, even then, it would appear to be far more efficient for the courts and the litigants, especially State Farm, to have the claims decided in a single forum rather

than through fragmented litigation throughout the state.

Plaintiffs' motion for class certification will be granted.

## ORDER

Upon consideration of plaintiffs, Bruce Kromnick and Donna L. Motter's motion for class certification and defendant's response thereto, for the reasons stated in the accompanying memorandum,

It is Ordered that plaintiffs' motion for class certification is granted and the action is hereby certified as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3).

It is further ordered that the class is to be defined as:

The administrators or executors of the estates of all decedents whose deaths arose out of the use or maintennance of a motor vehicle:

(a) where such decedent was insured under a policy of insurance by defendant, or whose claim was assigned to defendant under the assigned claims plan, pursuant to the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101 *et seq.* (repealed 1984) (No-Fault Act), and

(b) where the death occurred on or after July 19, 1975 (the effective date of the No-Fault Act) and on or before September 30, 1984 (the effective repeal date of the No-Fault Act), or after September 30, 1984, where the insurance policy covering decedent was issued before September 30, 1984, and

(c) where defendant has neither paid post-mortem work loss benefits in full amount of available policy limits, together with 18% per annum interest accruing from thirty (30) days after defendant's receipt of notice of the insured's death, or entered into a court-approved settlement of a post-mortem work loss benefits claim, and

(d) where the claim is not included in the class certified in *Neyhard v. State Farm,* March Term 1981, No. 608 (C.P. Phila. July 26, 1985).

It is further Ordered that within thirty (30) days, defendant shall make its files, policies and coverage sheets relating to class members available to plaintiffs' representatives at a mutually agreed upon time and place, for the purpose of verification of information previously supplied, and to identify any additional class members. Within thirty (30) days after plaintiffs have verified the information supplied by defendant, plaintiffs' counsel shall serve on defendant and file with the court a list of all proposed class members.

It is further Ordered that within thirty (30) days after such lists have been served, defendant shall serve on plaintiffs' counsel and file with the court a list of all proposed class members identified by plaintiffs whom it contends should not be included in the class, together with reasons therefor.

Further, within thirty (30) days from the date hereof, the parties shall make best efforts to agree on a form of notice to class members and a plan for distributing such notices. If the parties are unable to agree, each side shall submit proposed forms and plans to the court, along with an explanation of why they were unable to agree, and the court will determine the form and mannter of notice.

All members of the class as certified shall be included in the class unless a written election to be excluded is filed of record within thirty (30) days from the date of notification.